IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALBERT L. PERRY,            )
                            )
    Petitioner,          )
                            )
v.                          )    Civil Action No. 3:20CV847–HEH
                            )
COMMONWEALTH OF VIRGINIA,   )
                            )
    Respondent.          )

## MEMORANDUM OPINION
### (Dismissing Petition for Writ of Mandamus)

Albert L. Perry, a Virginia inmate proceeding *pro se*, submitted a Petition for a Writ of Mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. ANALYSIS

Perry was convicted in the Circuit Court of Chesterfield County of murder and possession of a firearm. (ECF No. 1–1, 4–7.) Perry "is asking this Court to issue a writ of mandamus to the Virginia Supreme Court directing them to vacate the two void ab initio sentences that violate the United States Constitution that he has been confined by unlawfully for over 10 years." (ECF No. 1, at 3.)

This Court, however, lacks jurisdiction to grant mandamus relief against state officials or state agencies. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); *Islam v. Va. Supreme Court*, No. 3:07CV418, 2007 WL 3377884, at *1 (E.D. Va. Nov. 13, 2007) (citation omitted). Thus, the Court cannot grant Perry the relief he desires. Accordingly, Perry's Petition will be dismissed.

Given the nature of the relief sought, it is appropriate to consider whether to recharacterize this mandamus petition as a petition for a writ of habeas corpus. *Rivenbark v. Virginia*, 305 F. App'x 144, 144 n.* (4th Cir. Dec. 30, 2008) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003); *United States v. Blackstock*, 513 F.3d 128, 132–35 (4th Cir. 2008)). This Court previously has denied a 28 U.S.C. § 2254 petition by Perry challenging his murder conviction. *Perry v. Virginia*, No. 3:13CV327–HEH, 2013 WL 4590619, at *5 (E.D. Va. Aug. 28, 2013). Perry is therefore required to obtain permission to file a second petition from the United States Court of Appeals for the Fourth Circuit to challenge his murder conviction. 28 U.S.C. § 2244(b). Unless and until Perry does so, this Court lacks jurisdiction to consider his claims. *See Reid v. Angelone*, 369 F.3d 363, 375 (4th Cir. 2004). Moreover, given this litigation history it is apparent

2

that Perry knew the appropriate vehicle for challenging his cocaine conviction in this Court was a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but he intentionally declined to file such an action. Accordingly, no need exists to allow Perry to recharacterize his present action.

### III. CONCLUSION

Perry's Petition (ECF No. 1) will be dismissed for lack of jurisdiction. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 17, 2020
Richmond, Virginia

3